CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 21 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:11CR00003 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JEROME ANTHONY MORRIS | ) | |
| | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by Jerome Anthony Morris, a federal inmate proceeding *pro se,* claiming that he is "actually innocent of being a career offender," in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and that this court should resentence him. The court finds that Morris's claim has no merit and, therefore, denies it.

I.

In May 2011, pursuant to a written plea agreement, Morris pled guilty to conspiring to distribute more than 500 grams of cocaine powder and a measurable quantity of marijuana, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). Morris also had two previous Virginia felony drug trafficking offenses for possession of marijuana with intent to distribute in violation of Virginia Code § 18.2–248.1. For the first, the Danville City Circuit Court sentenced Morris in 2003 to four years in prison, with four years suspended, and placed him on probation for two years. For the second, the Danville City Circuit Court sentenced Morris in 2007 to ten years in prison, with eight years suspended.

The presentence investigation report for the federal conviction Morris now challenges noted that Morris was a career offender under United States Sentencing Guideline § 4B1.1 because he was at least 18 years old at the time of his federal felony drug trafficking offense and

had at least two prior felony controlled substance convictions. This produced a Guideline range of 188 to 235 months, and the court ultimately sentenced him to the bottom of that range.

## II.

Analogizing his circumstances to those in *Simmons*, which overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Morris claims that his two previous Virginia convictions were not felonies subjecting him to an enhanced guideline sentence. *Harp* held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" a court should consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" and not the maximum sentence that could be imposed on the actual defendant being sentenced. *Harp*, 406 F.3d at 246–47 (emphasis in original). In *Simmons,* the Court of Appeals held that whether a particular offense was a "felony" must focus on the maximum sentence for which a particular defendant was eligible, in light of *his* criminal history and the nature of his offense, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record. *Simmons*, 649 F.3d at 241–47 (emphasis added).

Here, there is nothing hypothetical about the sentences Morris faced and received in state court for possessing marijuana with intent to distribute. Morris faced 10 years imprisonment for each offense, and the Danville City Circuit Court sentenced Morris to a four-year prison sentence with four years suspended on condition of his good behavior on the first and a ten-year prison sentence, with eight years suspended on the second. It follows that each offense was a felony controlled substance offense under Virginia law and, thereby, a qualifying predicate offense under the career offender guideline. *See* U.S.S.G. § 4B1.1. Consequently, the court finds that Morris's claim has no merit and, therefore, denies Morris's § 2255 motion.

2

## III.

For the reasons stated, the court dismisses Morris's § 2255 motion.

**ENTER:** this 21st day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE

3